UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TERRA FINA USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESER'S FINE FOODS, INC.,<br><br>Defendant. | Case No. 3:23-cv-02631-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 23 |

La Terra Fina USA, LLC, brings trade dress infringement and unfair competition claims against Reser's Fine Foods, Inc. Defendant's motion to dismiss for failure to state a claim is now pending before the Court. (Dkt. No. 23.[1]) Having considered the parties' briefs and having had the benefit of oral argument on November 30, 2023, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiff has confusingly alleged its trade dress claims.

## BACKGROUND

### A. First Amended Complaint Allegations

Plaintiff sells and manufactures specialty foods, including dips, spreads, and quiches. (Dkt. No. 18, First Amended Complaint (FAC) at ¶ 8.) Plaintiff sells its products in a variety of different types of stores throughout the United States with Costco as one of its biggest vendors. (*Id*. at ¶¶ 11-12.) Since 2017, Plaintiff has used "distinctive trade dress for packaging and promotional materials," which it refers to as its "LTF Trade Dress." (*Id*. at ¶ 14.) The LTF Trade Dress is described as:

>  its brand name in cursive on the top and side of a clear round package

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

with a clear lid, product name and description in all capital block letters on the top and side of the package, cream background for its labels or product sleeve, with a vibrant color scheme, and depictions of the main ingredients.

(*Id.*) Plaintiff provides the following "example" images:

  

(*Id.*) All of Plaintiff's products use the LTF Trade Dress. (*Id.* at ¶ 18.) In addition, Plaintiff registered the trade dress Artichoke and Jalapeno Dip 2-pack product packaging and the 31 oz. Artichoke and Jalapeno Dip with the United States Patent & Trademark Office. (*Id.* at ¶¶ 16-17.)

Defendant owns the Stonemill Kitchens brand of food products and likewise manufactures and sells dips and spreads. (*Id.* at ¶¶ 30-31.) Plaintiff and Defendant are competitors selling in the same retail channels and advertising, marketing, and promoting their respective products in nearly identical manners. (*Id.* at ¶¶ 32-33.) In 2019, Defendant changed its product packaging such that its "packaging for its spinach artichoke and parmesan dip sold in Costco is nearly identical to Plaintiff's artichoke & jalapeno dip packaging." (*Id.* at ¶¶ 35, 37.)

> Specifically, Defendant's spinach artichoke and parmesan dip packaging is in a clear round container and lid, its brand name (Stonemill Kitchens) in cursive on the top and side in a dark color, its product name (spinach artichoke and parmesan) and description (premium dip) is in all capital block letters on the top and side of the package, cream background for its labels or product sleeve, with a vibrant color scheme, and images of the main ingredients in similar positions and exact color as Plaintiff. Additionally, on this product Defendant uses nearly identical purple color for the product name on its package.

(*Id.* at ¶ 38.)

In May 2021, Plaintiff discovered Defendant was selling its artichoke dip in a 2-pack package nearly identical to Plaintiff's Artichoke and Jalapeno 2-Pack packaging in Costco stores in California and Hawaii. (*Id.* at ¶ 39.) Two months later, Plaintiff discovered the same was true with respect to its 31 oz Artichoke and Jalapeno packaging, and Defendant's 30 oz. Artichoke

packaging.  (*Id*. at ¶ 40.)  These dips have "identical purple and green colors and are sold next to each other at Costco" as demonstrated in these images:

 

(*Id*. at ¶ 41.)  Plaintiff alleges consumers are likely to buy Defendant's products because they use Plaintiff's distinctive trade dress.  (*Id*. at ¶ 44.)

### B. Procedural Background

Plaintiff filed this trademark infringement action in May 2023.  (Dkt. No. 1.)  After Defendant moved to dismiss for failure to state a claim, Plaintiff filed an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B).  (Dkt. Nos. 17, 18.)  Plaintiff thereafter filed the operative First Amended Complaint alleging (1) trade dress infringement under 15 U.S.C. § 1114; (2) trade dress infringement under 15 U.S.C. § 1125(a); (3) unfair competition under the Lanham Act; (4) unfair competition under California Business and Professions Code § 17200; and (5) injunctive relief.  (Dkt. No. 18.)  The now pending motion to dismiss followed.  (Dkt. No. 23.)

## DISCUSSION

### A. Trade Dress Infringement, 28 U.S.C. § 1114

To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc*., 448 F.3d 1118, 1124 (9th Cir. 2006).  Defendant insists Plaintiff's claim fails because Plaintiff uses inconsistent terminology to refer to its trade dress.

While Plaintiff alleges it "is the owner of the federal registrations for the LTF Registered

Trade Dress in class 29 for dips, dairy-based dips, dairy-based spreads, snack dips, and vegetable-based spreads," it only alleges—and provides copies—of registration statements for its "Artichoke and Jalapeno 2-Pack Packaging" and its "31oz Artichoke and Jalapeno Packaging." (Dkt. No. 18 at ¶¶ 54-56; Exs. D & E.) Further, although Plaintiff's FAC defines the term "LTF Trade Dress" in the factual allegations portion, it generally uses the term "LTF Registered Trade Dress"—without defining the term—when discussing the legal claims. (*Compare* Dkt. No. 18 at ¶ 14 *with* ¶¶ 54, 57, 62, 63, 67, 69, 70, 74, 77-86, 88-90, 92-93, 96-97, 100-101, 107-108, 111-115, 118.) Adding to the confusion, the description of the mark in the trademark registrations is not the same as the definition of "LTF Trade Dress. The registered mark states:

> The color(s) white, purple, green and blue is/are claimed as a feature of the mark.
>
> The mark consists of three-dimensional product packaging for the goods, with depictions of artichokes and jalapenos on the top and side, with the colors white, purple, green and blue. Also, on the top and side are the stylized words LA TERRA FINA. The broken lines depicting the product packaging indicate placement of the mark on the goods and are not a part of the mark.

(Dkt. Nos. 18-4 and 18-5.) In contrast, the FAC defines LTF Trade Dress as

> its brand name in cursive on the top and side of a clear round package with a clear lid, product name and description in all capital block letters on the top and side of the package, cream background for its labels or product sleeve, with a vibrant color scheme, and depictions of the main ingredients.

(Dkt. No. 18 at ¶ 14.)

The differences in these two definitions are not insignificant. The registered mark includes the use of the "stylized words LA TERRA FINA," but there is no suggestion elsewhere in the FAC that Plaintiff contends Defendant infringed on this aspect of its registered mark. The registered mark describes the colors white, purple, green, and blue as features of the mark, whereas the LTF Trade Dress definition refers to "vibrant colors." Further, while LTF Trade Dress appears to apply to all of Plaintiff's products, the attached and referenced registrations are limited to its products with "artichokes and jalapenos on the top and side." (Dkt. No. 18 at ¶¶ 60, 61; Dkt. Nos. 18-4 and 18-5.) It is thus unclear if Plaintiff is only alleging infringement of its artichoke and jalapeno dips or if these are just provided as examples. Plaintiff's opposition brief does not help shed light on these issues and instead just asserts it "has described with specificity

4

the elements of the trade dress associated with its dip products" and refers to the product images attached. (Dkt. No. 24 at 3.) This is not sufficient to put Defendant on fair notice of the claims against it. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554 (2007).

Accordingly, Defendant's motion to dismiss Plaintiff's § 1114 claim for lack of specificity is granted.

### B. Trade Dress Infringement, 28 U.S.C. § 1125(a)

To prevail on a claim of trade dress infringement under Section 1125(a), "a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). "Trade dress protection applies to a combination of any elements in which a product is presented to a buyer, including the shape and design of a product." *Id.* (cleaned up). Defendant insists Plaintiff's Section 1125(a) claim fails: (1) for lack of specificity; (2) failure to allege distinctiveness; and (3) failure to allege non-functionality.

Defendant assumes Plaintiff's Section 1125(a) claim alleges infringement of its "LTF Trade Dress" as the term is defined in Paragraph 14. The substance of the allegations regarding Plaintiff's Section 1125(a) claim, however, use the term "LTF Registered Trade Dress" just as with their Section 1114 claim. (Dkt. No. 18 at ¶¶ 73-93.) The claim is thus inadequately pled for the same reason the Section 1114 claim is inadequately pled. To state a claim, Plaintiff must clearly identify the trade dress Defendant is alleged to infringe upon. The Court declines to reach Defendant's other arguments in favor of dismissal—that Plaintiff fails to adequately alleged distinctiveness or non-functionality—because without a clear description of scope of the trade dress at issue it is impossible to evaluate these aspects of Plaintiff's claim.

### C. Unfair Competition Claims

Plaintiff concedes its unfair competition claims under both the Lanham Act and California Business and Professions Code § 17200 rise or fall with its trade dress infringement claims. (Dkt. Nos. 24 at 7, 8.) Because the Court holds these claims are inadequately pled, their unfair competition claims fail as well.

### D. Injunctive Relief Claim

Defendant moves to dismiss Plaintiff's injunctive relief claim arguing it is not a stand-alone claim. Plaintiff appears to concede this noting it is "appropriate in connection with Plaintiff's trade dress infringement and unfair competition" claims. (Dkt. No. 24 at 8.) This claim is therefore dismissed without prejudice to renewal as a remedy to Plaintiff's other claims. *See Albert v. Embassy of Music GMBH*, No. 5:19-CV-06652-EJD, 2020 WL 4284830, at *4 (N.D. Cal. July 27, 2020) ("It is well-settled that an injunction is a remedy, not a separate claim or cause of action") (cleaned up); *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 985 (2003) ("a request for injunctive relief is not a cause of action").

### CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. As this is the first time the Court has ruled on the adequacy of Plaintiff's allegations, the dismissal is with leave to amend. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Plaintiff's amended complaint is due December 15, 2023.

The Court sets a further Case Management Conference for April 18, 2024 at 1:30 p.m. via Zoom video. An updated case management conference is due a week before.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: November 30, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge