United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TERRA FINA USA, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RESER'S FINE FOODS, INC.,<br><br>        Defendant. | Case No. 3:23-cv-02631-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 39 |

    La Terra Fina USA, LLC, brings trade dress infringement and unfair competition claims against Reser's Fine Foods, Inc.  The parties are competitors who manufacture and sell specialty foods, including dips, spreads, and quiches, in the same retail channels.  The Court previously granted Defendant's motion to dismiss for failure to state a claim with leave to amend.  Plaintiff thereafter filed the now operative Second Amended Complaint (SAC), which Defendant has again moved to dismiss on nearly identical grounds.  (Dkt. Nos. 37, 39.[1])  Having considered the parties' briefs and having had the benefit of oral argument on February 29, 2024, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.   Plaintiff has adequately pled claims for infringement of its artichoke and jalapeno dips, but otherwise fails to state a claim.

### DISCUSSION[2]

**A.  Trade Dress Infringement, 28 U.S.C. § 1114**

    To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Recreation*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] The Court incorporates the factual background from its prior Order by reference.  (Dkt. No. 32 at 1-3.)

1  *v. Bazaar Del Mundo Inc*., 448 F.3d 1118, 1124 (9th Cir. 2006).  Defendant insists Plaintiff has
2  failed to plead a likelihood of confusion in connection with Plaintiff's federally registered trade
3  marks.
4        The Court previously granted Defendant's motion to dismiss this claim because it was
5  unclear what aspects of the mark Plaintiff claimed a protectible ownership over.  (Dkt. No. 32 at 4-
6  5.)  Because Plaintiff relied on two different definitions of the mark—one in the factual allegation
7  section (LTF Trade Dress) and another in the legal claims section (LTF Registered Trade Dress)—
8  Plaintiff failed to provide Defendant with fair notice of its claims.  (*Id*. at 5 (citing *See Bell Atl.*
9  *Corp. v. Twombly,* 550 U.S. 544, 554 (2007)).)
10        The SAC defines "LTF Registered Trade Dress" as the trade dress it registered for the
11  "Artichoke and Jalapeno Dip 2-pack product packaging" (Registration No. 7072151) and the trade
12  dress for the "31 oz Artichoke and Jalapeno Dip" (Registration No. 7072149).  (Dkt. No. 37 at ¶
13  17.)  These registrations are attached to the Second Amended Complaint.  (Dkt. Nos. 37-4; 37-5.)
14  The descriptions of the two marks are virtually identical.  The 7072151 mark is described as:

> The color(s) white, purple, green and blue is/are claimed as a feature of the mark.
>
> The mark consists of three-dimensional product packaging for the goods, with depictions of artichokes and jalapenos on the top and side, with the colors white, purple, green and blue. Also, on the top and side are the stylized words LA TERRA FINA. The broken lines depicting the product packaging indicate placement of the mark on the goods and are not a part of the mark.

19  (Dkt. No. 37-4 at 2.)  And the 7072149 mark is described as:

> The color(s) white, purple, green and blue is/are claimed as a feature of the mark.
>
> The mark consists of three-dimensional product packaging for the goods, with depictions of artichokes and jalapenos, with the colors white, purple, green and blue on the top and side. Also, on the top and side are the words LA TERRA FINA. The broken lines depicting the product packaging indicate placement of the mark on the goods and are not a part of the mark.

23  (Dkt. No. 37-5 at 2.)
24        Plaintiff alleges it "sells its Artichoke and Jalapeno dip using its LTF Registered Trade
25  Dress at Costco" and the artichoke dip Defendant sells at Costco is in product packaging
26  "confusingly similar to the LTF Registered Trade Dress."  (Dkt. No. 37 at ¶¶ 57, 58.)  In
27  particular,
28        Defendant's 2-Pack Artichoke Dip Packaging is in a nearly identical

product sleeve. Specifically, the sleeve is the same light background (white), with its house brand (Stonemill Kitchens) in a dark color in cursive on the top and side of the package, uses the same color palette including an exact green and similar purple color, and even the stylization of the artichoke and the placement of the artichokes on the packaging is confusingly similar.

(*Id*. at ¶ 60.) Likewise, "Defendant's 30 oz Artichoke Dip Packaging utilizes its house brand (Stonemill Kitchens) in a dark color in cursive on the top and side of the package, light background (white) for its labels, the same color palette including an exact green and similar purple color, and even the stylization of the artichoke and the placement of the artichokes on the packaging is confusingly similar." (*Id*. at 61.) The Second Amended Complaint elsewhere includes a side-by-side comparison of "Plaintiff's Artichoke and Jalapeno 31 oz Packaging and Defendant's 30 oz Artichoke Packaging":




(Dkt. No. 37 at ¶ 41.) These allegations are sufficient to state a claim for trademark infringement under Section 1114 as to (1) Plaintiff's Artichoke and Jalapeno Dip 2-pack product packaging (Registration No. 7072151), and (2) Plaintiff's 31 oz Artichoke and Jalapeno Dip (Registration No. 7072149).

To the extent Plaintiff attempts to plead a claim of trademark infringement under Section 1114 for its "dip products" generally, Plaintiff has not adequately alleged such a claim. There are no factual allegations that plausibly support an inference some unidentified products of Defendant are infringing some unidentified products of Plaintiff.

**B. Trade Dress Infringement, 28 U.S.C. § 1125(a)**

The elements of a claim for infringement of common law trademark rights "are virtually the same as the elements of a claim for trademark infringement under § 1114, although a § 1114 claim requires ownership of a registered trademark while a § 1125 claim does not." *Iglesia Ni*

3

1  *Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 1531349, at *7 (N.D. Cal. Mar. 31, 2020);
2  *see also Jada Toys, Inc. v. Mattel, Inc*., 518 F.3d 628, 632 (9th Cir. 2008) (noting these
3  "infringement claims are subject to the same test.").
4      The Court previously dismissed this claim because Plaintiff had not clearly identified the
5  trade dress Defendant was alleged to have infringed.  (Dkt. No. 32 at 5.)  The SAC clarifies this
6  claim is based on infringement of its "LTF Trade Dress" and not the "LTF Registered Trade
7  Dress" as previously alleged.  (Dkt. No. 37 at ¶¶ 73-93.)  "LTF Trade Dress" is defined as "its
8  brand name in cursive on the top and side of a clear round package with a clear lid, product name
9  and description in all capital block letters on the top and side of the package, light background
10 (white) for its labels or product sleeve, with a vibrant color scheme, and depictions of the main
11 ingredients."  (Dkt. No. 37 at ¶ 14.)  Plaintiff includes the following image as "an example:"

  

16 (*Id.*)  While Plaintiff alleges infringement as to all of its dips and not just the two products
17 identified in the complaint—it has not plausibly alleged infringement as to any other product.  The
18 SAC neither alleges other products bearing its LTF Trade Dress nor alleges any products of
19 Defendants other than its artichoke dips.   (Dkt. No. 37 at ¶¶ 37-40.)  When asked at oral
20 argument, Plaintiff conceded the SAC did not identify or contain any images of Defendant's other
21 products.
22     Accordingly, Defendant's motion to dismiss is granted except as to the alleged
23 infringement of Plaintiff's artichoke and jalapeno dips by Defendant's artichoke dip.
24     **C.  Unfair Competition Claims**
25     Plaintiff pleads unfair competition claims under both the Lanham Act, 15 U.S.C. §
26 1125(a), and California Business and Professions Code § 17200.  Claims for federal trademark
27 infringement under 15 U.S.C. § 1114 and federal unfair competition under 15 U.S.C. § 1125(a) are
28 subject to the same legal standards.  *See Mintz v. Subaru of Am., Inc*., 716 Fed. Appx. 618, 622

("the elements needed to establish federal unfair competition under 15 U.S.C. § 1125(a) are identical to the elements needed to establish trademark infringement under 15 U.S.C. § 1114"); *see also Brookfield Commc'ns, Inc. v. West Coast Ent. Grp.*, 174 F.3d 1036, 1067 n.8 (9th Cir. 1999). Further, the Ninth "Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are "substantially congruent" to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

Plaintiff contends if either of its trade dress infringement claims survive dismissal, then the unfair competition claims based on those violations necessarily survive as well. (Dkt. No. 46 at 17.) While Plaintiff's Unfair Competition claims only refer to infringement of its LTF Trade Dress, Plaintiff's opposition brief suggests the claim is predicated on both infringement of its LTF Trade Dress and its LTF Registered Trade dress. (*Compare* Dkt. No. 37 at ¶¶ 94-115 *with* Dkt. No. 46 at 17.) At oral argument, Plaintiff clarified its claim is only based on its unregistered claim of infringement under Section 1125(a). Because the Section 1125(a) claim may proceed as to infringement of Plaintiff's artichoke and jalapeno products by Defendant's artichoke product, the unfair competition claims predicated on this claim can proceed as well. The claim is dismissed as to any other products.

### D. Injunctive Relief Claim

Plaintiff again pleads an independent injunctive relief claim. The Court previously dismissed this claim "without prejudice to renewal as a remedy to Plaintiff's other claims." (Dkt. No. 32 at 6 (citing *Albert v. Embassy of Music GMBH*, No. 5:19-CV-06652-EJD, 2020 WL 4284830, at *4 (N.D. Cal. July 27, 2020) ("It is well-settled that an injunction is a remedy, not a separate claim or cause of action") (cleaned up); *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 985 (2003) ("a request for injunctive relief is not a cause of action")).) In a footnote, Plaintiff concedes the claim should not have been included in the complaint. (Dkt. No. 46 at 18, n.3.) Plaintiff's injunctive relief claim is dismissed.

### E. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides leave to amend should be freely given

"when justice so requires." Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Defendant urges the Court to deny leave to amend because Plaintiff has already amended the complaint twice and failed to cure the deficiencies. Indeed, in response to the prior motion to dismiss Plaintiff represented it could "provide the exact pantone colors" if granted leave to amend, but it did not do so. (Dkt. No. 24 at 8.) Likewise, Plaintiff represented it could "specifically list the exact products at issue," but it did not do so. (*Id*. at 8.) And at oral argument Plaintiff did not argue leave to amend should be granted.

Accordingly, the dismissal of Plaintiff's infringement claims based on its other dips and spreads is without leave to amend. Plaintiff has already amended twice and the Court concludes further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The motion is denied as to Plaintiff's claims based on infringement of its artichoke and jalapeno dips by Defendant's artichoke dip, and the derivative unfair competition claims, but the motion is otherwise granted without leave to amend.

The Court sets a case management conference for April 17, 2024 at 11:00 a.m. with a joint case management conference statement due April 10, 2024.

This Order disposes of Docket No. 39.

**IT IS SO ORDERED.**

Dated: February 29, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

6