UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TERRA FINA USA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>RESER'S FINE FOODS, INC.,<br><br>   Defendant. | Case No. 3:23-cv-02631-JSC<br><br>**ORDER RE: LA TERRA FINA'S MOTION TO DISMISS RESER'S COUNTERCLAIMS**<br><br>Re: Dkt. No. 56 |

La Terra Fina USA, LLC and Reser's Fine Foods, Inc., are competitors who manufacture and sell specialty foods, including dips, spreads, and quiches, in the same retail channels. La Terra Fina filed this action bringing trade dress infringement and unfair competition claims. (Dkt. No. 37.[1]) Reser responded with its own counterclaims for trade dress infringement and unfair competition. (Dkt. No. 55.) La Terra Fina moves to dismiss Reser's third counterclaim for cancellation of trademark registration based on fraudulent procurement, 15 U.S.C. §§ 1064, 1119, and fourth counterclaim for false registration, 15 U.S.C. § 1120. (Dkt. No. 56.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the May 9, 2024 hearing, and GRANTS the motion to dismiss.

**DISCUSSION**

**A.   Fraud in Procurement**

"A party harmed by a trademark's registration can seek cancellation of the mark on certain

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1   specified grounds, including that the trademark was obtained by the commission of fraud on the
2   [USPTO]." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs.*, 897 F.3d 1008, 1019 (9th Cir. 2018)
3   (citing *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013) (citing 15
4   U.S.C. §§ 1064, 1119)). Such fraud "occurs when an applicant knowingly makes false, material
5   representations of fact in connection with an application." *Quiksilver, Inc. v. Kymsta Corp.*, 466
6   F.3d 749, 755 (9th Cir. 2006) (cleaned up). Because this claim sounds in fraud, Federal Rule of
7   Civil Procedure 9(b) applies. Under Rule 9(b), Plaintiff "must state with particularity the
8   circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied
9   by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor
10  Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

The parties analyze Reser's fraud in the procurement claim under the Trademark Trial and Appeal Board's *Intellimedia* test. *See Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203 (T.T.A.B. 1997). The Ninth Circuit, however, employs a slightly different formula for this claim. *See LiveRamp, Inc. v. Kochava, Inc.*, No. 19-CV-02158-CRB, 2020 WL 2065696, at *3 (N.D. Cal. Apr. 29, 2020) (contrasting the *Intellimedia* test and the Ninth Circuit's *Hokto Kinoko* test). Neither party explains why the *Intellimedia* test should govern. "[I]n an action for trademark infringement this court is bound by the law of the Ninth Circuit." *One True Vine, LLC v. Wine Grp. LLC*, 2009 WL 6006110, at *5 (N.D. Cal. June 15, 2009). The Court will thus follow the Ninth Circuit's test for pleading fraud in the procurement. *See LiveRamp*, 2020 WL 2065696, at *3 (rejecting argument the *Intellimedia* test applies); *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 952, n.4 (N.D. Cal. 2015) (same).

To allege a claim for cancellation based on fraud, a party must plead the following elements:

> 1) a false representation regarding a material fact; 2) the registrant's knowledge or belief that the representation is false; 3) the registrant's intent to induce reliance upon the misrepresentation; 4) actual, reasonable reliance on the misrepresentation; and 5) damages proximately caused by that reliance.

*OTR Wheel Eng'g, Inc.*, 897 F.3d at 1019 (citing *Hokto Kinoko*, 738 F.3d at 1097).

Reser's claim is predicated on La Terra Fina's representation that no one else had the right

2

to use the mark—a representation made "on information and belief." (Dkt. No. 55 at 52 ¶ 45.) Reser alleges La Terra Fina knew this representation was false because the use of green and purple colors and "depictions of artichokes and jalapenos" with a white background on three-dimensional product packaging for dips or spreads "was functional, generic, and/or descriptive and as such could not properly be the protected by the trademark laws and it knew and/or should have known that LTF was not the exclusive owner of some or all of these elements." (Dkt. No. 55 at 52 ¶¶ 45, 46.) Further, the Specimen La Terra Fina submitted in support of its application "appears to include a photograph that has modified portions and is a digitally modified photograph." (*Id*. at ¶ 50.)

An application for use of a trademark must be "verified by the applicant and specify that," among other things, the facts recited in the application are accurate "to the best of the verifier's knowledge and belief." 15 U.S.C. § 1051(a)(3)(D). A claim of fraud in the application thus requires a showing "that a trademark applicant knowingly and falsely declared under oath in conjunction with the trademark application that 'no other person, firm, corporation, or association ... has the right to use such mark in commerce.'" *AirWair*, 84 F. Supp. 3d at 952 (quoting *Rosso & Mastracco, Inc. v. Giant Food Inc*., 720 F.2d 1263, 1266 (Fed.Cir.1983)); *see also* 15 U.S.C. § 1051(a)(3)(D).

Reser's allegation La Terra Fina "knew or should have known" it was not the "exclusive owner" fails to adequately allege knowledge of falsity. A statement "that no other person to the best of his knowledge has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark *if he feels that the rights of such others are not superior to his*." *Quiksilver*, 466 F.3d at 755 (cleaned up; emphasis in original). Further, an applicant must only disclose "conflicting rights" of another user "which are clearly established, for example, by a court decree, by the terms of a settlement agreement, or by a registration." *Rosso*, 720 F.2d at 1266. Reser has not alleged facts which support an inference La Terra Fina either did not believe its rights to the mark were superior to any other right it might have been aware of or another user's rights to the mark were "clearly established." Indeed, Reser has not alleged any facts which would give rise to an inference La Terra Fina knew anyone else was using the same or

3

substantially the same mark. Reser's reliance on the submission of a Specimen "with a white background which is a characteristic of digitally retouched specimens" is unavailing. (Dkt. No. 55 at ¶ 50.) This vague allegation is not sufficient to allege knowledge of falsity—it is not even apparent Reser alleges the Specimen was false, just that it could have been false. *See Vess*, 317 F.3d at 1108-08 (holding allegations of fraud must be specific).

Reser's insistence it need only allege the statements showed a "reckless disregard" because the Trademark Trial and Appeal Board recently "lower[ed] the standard" for fraud is wrong. (Dkt. No. 59 at 9 (citing *Chutter, Inc*., No. 91223018, 2021 WL 4494251, at *6 (Sept. 30, 2021)). The Trademark Trial and Appeal Board cannot set a new legal standard. *See Schlafly v. Saint Louis Brewery, LLC*, 909 F.3d 420, 423 (Fed. Cir. 2018) ("We review the Board's legal determinations de novo and without deference."). As discussed above, an applicant must only disclose "conflicting rights" of another user "which are clearly established." *Rosso*, 720 F.2d 1263, 1266 (Fed. Cir. 1983). There is no obligation "to investigate and report all other possible users of an identical or confusingly similar mark." *Id*. A contrary, less stringent, standard would not make sense.

> There is a meaningful difference between representing that no other party has "the right to use the mark in commerce," and representing that no other party is using the mark in commerce. Another party could be using the mark without the right to do so. As such, the applicant does not necessarily know that another party has a right to use the mark in commerce merely because that other party is, in fact, using the mark. And it would not be sensible to require trademark applicants to "investigate and report all other possible users" of their mark in order to avoid a possible claim for cancellation based on fraud. [*Rosso*, 720 F.2d at 1266.] That onerous requirement would be in serious tension with the Ninth Circuit's repeated observations that it should be difficult to prove fraud in the procurement. *See, e.g. Robi*, 918 F.2d at 1444.

*LiveRamp, Inc. v. Kochava, Inc*., No. 19-CV-02158-CRB, 2020 WL 2065696, at *3 (N.D. Cal. Apr. 29, 2020).

Accordingly, La Terra Fina's motion to dismiss Reser's fraud in procurement claim is granted.

### B.     Section 15 U.S.C. § 1120

Reser's fourth counterclaim is captioned "Trademark Misuse and Unfair Competition."

4

(Dkt. No. 55 at 55.) La Terra Fina moves to dismiss arguing the basis for the claim is unclear; however, in its opposition brief, Reser clarifies this claim seeks damages for false registration of trademark claim under 15 U.S.C. § 1120. *See* 15 U.S.C. § 1120 ("Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."). Reser concedes this claim is based on the same fraud alleged with the preceding claim. (Dkt. No. 59 at 20.) Because the Court dismisses Plaintiff's fraud claim as inadequately pled, this related claim is likewise dismissed.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The Court cannot say leave to amend would be futile here. If Reser has a good faith belief it can meet the heightened pleading standard for fraud claims consistent with Federal Rules of Civil Procedure 11, it may amend its counterclaims to so plead.

### CONCLUSION

For the reasons discussed above, La Terra Fina's motion to dismiss is GRANTED. Any amended counterclaim shall be filed by May 30, 2024.

The Court CONTINUES the case management conference to June 20, 2024 with an **updated** joint case management conference statement due June 13, 2024. The parties are requested to edit the statement so that it does not include stale information. Among other things to discuss at the conference, the Court will be particularly interested in whether the parties believe referral to a magistrate judge for a settlement conference would be helpful.

//

//

1   This Order disposes of Docket No. 55.

2   **IT IS SO ORDERED.**

3   Dated: May 3, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge