1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    LA TERRA FINA USA, LLC,              Case No.  3:23-cv-02631-JSC
8                Plaintiff,
                                          **ORDER RE: MOTION TO DISMISS**
9         v.                              **RESER'S AMENDED**
                                          **COUNTERCLAIMS**
10   RESER'S FINE FOODS, INC.,
                                          Re: Dkt. No. 87
11               Defendant.
12

        La Terra Fina USA, LLC and Reser's Fine Foods, Inc., are competitors who manufacture

and sell specialty foods, including dips, spreads, and quiches, in the same retail channels.  La

Terra Fina filed this action bringing trade dress infringement and unfair competition claims and

Reser's responded with counterclaims for trade dress infringement and unfair competition.  The

Court previously dismissed two of those counterclaims for failure to state a claim.  (Dkt. No. 66.)

Reser's has since filed amended counterclaims, which La Terra Fina again moves to dismiss in

part.  (Dkt. Nos. 69, 87.)  After carefully considering the parties' briefs and the relevant legal

authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the

July 25, 2024 hearing, and GRANTS the motion to dismiss.

## DISCUSSION

        "A party harmed by a trademark's registration can seek cancellation of the mark on certain

specified grounds, including that the trademark was obtained by the commission of fraud on the

[USPTO]." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs*., 897 F.3d 1008, 1019 (9th Cir. 2018)

(citing *Hokto Kinoko Co. v. Concord Farms, Inc*., 738 F.3d 1085, 1097 (9th Cir. 2013) (citing 15

U.S.C. §§ 1064, 1119)).  "Fraud in procuring a mark occurs when an applicant knowingly makes

false, material representations of fact in connection with an application." *Quicksilver, Inc. v.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) (quoting *L.D. Kichler Co. v. Davoil, Inc.*, 192

2  F.3d 1349, 1351 (Fed. Cir. 1999)). To allege a claim of cancellation based on fraud in the

3  procurement, a party must allege: "(1) a false representation regarding a material fact; (2) the

4  registrant's knowledge or belief that the representation is false; (3) the registrant's intent to induce

5  reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and

6  (5) damages proximately caused by that reliance." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738

7  F.3d 1085, 1097 (9th Cir. 2013) (citing *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir.

8  1990)). "A false representation in the original trademark application ... may be grounds for

9  cancellation if all five requirements are met." *Id.*  Because the claim sounds in fraud, Federal Rule

10  of Civil Procedure 9(b) applies. Under Rule 9(b), the plaintiff "must state with particularity the

11  circumstances constituting fraud." Fed. R. Civ. P. 9(b).

12       La Terra Fina moves to dismiss Reser's third and fourth counterclaims for fraudulent

13  procurement. [1]  The two claims have identical factual predicates but seek different remedies.  (Dkt.

14  No. 69 at 52 (third counterclaim seeking cancellation under 15 U.S.C. §1064, 15 U.S.C. § 1119);

15  *Id.* at 58 (fourth counterclaim seeking civil penalties under 15 U.S.C. § 1120).)  The prior version

16  of these counterclaims was predicated on the falsity of La Terra Fina's representation that no one

17  else had the right to use the mark—a representation that was made "on information and belief."

18  (Dkt. No. 66 at 2-3 (quoting Dkt. No. 55 at 52 ¶ 45).)  In the amended counterclaim, Reser alleges

19  fraud in the procurement based on the submission of a product image (specimen), which La Terra

20  Fina represented depicted the mark used in commerce, but which, on information and belief, was

21  in fact digitally created or altered such that it did not in fact depict the mark used in commerce.

22  (Dkt. No. 69 at p. 53 at ¶¶ 46-50.)   As with the prior version of this claim, Reser's allegations

23  require too great an inferential leap and fail to plausibly allege a claim for fraud in the

24  procurement.

25       Reser's claim is predicated on the material falsity of Ms. Jimenez's declaration to the PTO

26

27  ───────────────

28  [1] Although La Terra Fina's motion is untimely by one week, *see* Fed. R. Civ. P. 15(a)(3), given
   the lack of prejudice to Reser's (Dkt. No. 101-1 at ¶¶ 5-6), the Court exercises its discretion to
   address the motion on the merits. *See* Fed. R. Civ. P. 6(b)(1)(b).

that "the mark is in use in commerce."  15 U.S.C. § 1051.  In particular, Reser's challenges as

materially false the following statements in La Terra Fina's signed declaration to the PTO:

- "the specimen(s) shows the mark as used on or in connection with the goods/services in the application."

- "the applicant is submitting one (or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) product and display."

- "[t]he specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date[.]"

(Dkt. No. 69 at 53 ¶ 48.)

The Application identified two specimens, depicted side-by-side here:



("First Specimen").



("Second Photo").

(*Id*. at ¶¶ 47-48.)   Reser's fraud theory alleges the First Specimen is "characteristic of a digitally created/altered or mockup" and thus does not depict the mark actually used in commerce.  (*Id*. at ¶¶ 55-56.)  So, argues Reser's, the above statements were materially false.

Reser's theory fails to state a fraud claim for at least two reasons.  First, as with the prior version of this claim, Reser's does not allege facts plausibly supporting an inference the First Specimen is actually false.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (holding allegations of fraud must be specific).  While Reser's has included additional allegations beyond simply stating that the First Specimen is on a white background, these

United States District Court
Northern District of California

3

allegations still fail to support a plausible inference the First Specimen was digitally modified such that it does not reflect the actual mark used in commerce.  For example,  Reser's alleges the First Specimen must be false because of differences between the two Specimens, including the First Specimen fails to include information "typically included in the trade" such as labelling the product is gluten-free, and the First Specimen has the "hallmarks of a staged photograph" because there is "no shadow between the sleeve and the plastic, and the edges and intersection of edges appear perfect."  (Dkt. No. 69 at 56 ¶¶ 57-58.)   But none of these allegations supports an inference of falsity—it is equally, if not more, plausible La Terra Fina had two versions of the product packaging.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (holding when two inferences are equally plausible, and one inference does not support liability, the plaintiff does not state a claim); *see also Nielsen v. Thornell*, 101 F.4th 1164, 1169 (9th Cir. 2024), as amended (July 8, 2024) ("[the allegations] must "nudge[ ]" the [] claims across the line from conceivable to plausible meaning that it must allege facts that present more than a sheer possibility that a defendant has acted unlawfully") (cleaned up).  Further, that La Terra Fina may have cleaned up the image to remove the shadow does not support an inference the First Specimen was not used in commerce.

Second, Reser's does not allege La Terra Fina represented *both* specimen images depicted the mark used in commerce and there is no dispute the Second Specimen image depicts the product used in commerce.  Instead, Reser's alleges

> [t]he PTO will not approve an application based on use in commerce under 15 U.S.C. § 1051(a), without an acceptable specimen showing the entire mark…The First Specimen and Declaration were provided by Ms. Jimenez on behalf of La Terra Fina USA, LLC to secure approval of the application for registration. The First Specimen covers the entire mark depicted in the '712 Application. In reliance on this Declaration and providing the First Specimen and claiming it to be in use in commerce, the PTO approved the application.

(*Id*. at ¶ 50.)  In other words, Reser's urges the PTO must have relied on the First Specimen to approve the trademark application because the Second Specimen does not depict the entire mark.  This theory fares no better than Reser's prior theory.  Reser's does not allege La Terra Fina represented the Second Specimen depicted the entire mark; instead, La Terra Fina represented at

United States District Court
Northern District of California

least one of the two Specimens depicted the mark as used in commerce.  Reser's does not make any allegations that support an inference that representation was false.

Nor has Reser's alleged the other elements of a fraud in the procurement claim because Reser's theory requires the assumption La Terra Fina intended to induce the PTO to rely on the First Specimen as depicting the mark used in commerce as well as the assumption the PTO in fact relied on the First Specimen as opposed to the Second when granting La Terra Fina's trademark application.  There are, however, no facts alleged to support these inferences.  Although the Court accepts Reser's well-pleaded factual allegations as true, it cannot accept conclusory and unsupported allegations such as these.  *See Nielsen*, 101 F.4th at 1169 ("we discount conclusory allegations in a complaint because they are not entitled to the assumption of truth") (cleaned up).  Reser's reliance on the PTAB's decision in *In re R. Torre & Co.,* 2004 TTAB LEXIS 730, *5-6 (TTAB Dec. 16, 2004), is unavailing.  The case has nothing to do with fraud in the procurement.

Accordingly, La Terra Fina's motion to dismiss Reser's fraud in the procurement counterclaims three and four is granted.[2]

**CONCLUSION**

For the reasons stated above, the Court GRANTS La Terra Fina's motion to dismiss the amended counterclaims without leave to amend.  It is apparent further leave to amend would be futile.  *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here [a party] has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (quotation omitted).  Reser's objections to La Terra Fina's evidence submitted in support of its motion is GRANTED; the Court did not rely on any of that evidence in determining Reser's fails to state a fraud claim.

The case management conference scheduled for August 1, 2024 at 1:30 p.m. is moved up one day to July 31, 2024 at 11:00 a.m.  via videoconference.   An updated joint case management conference statement is due July 25, 2024.

---

[2] There is no dispute these claims are predicated on the same factual basis and thus rise or fall together. (Dkt. No. 87-1 at 9.)

1      This Order disposes of Docket No. 87.

2      **IT IS SO ORDERED.**

3  Dated: July 19, 2024

JACQUELINE SCOTT CORLEY
United States District Judge